Edward W. NAYLOR, Plaintiff,

v.

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES LOCAL 446, Samuel Camp, President, Defendants.

No. A–C–83–72.

United States District Court, W.D. North Carolina, Asheville Division.

July 27, 1983.

William F. Rucker, Atlanta, Ga., for plaintiffs.

Douglas E. Canders, Fayetteville, N.C., for defendants.

## MEMORANDUM OF DECISION

WOODROW WILSON JONES, Chief Judge.

The Plaintiff, Edward W. Naylor, a former probationary employee of the Veterans Administration Medical Center, Asheville, North Carolina sues the Defendants, American Federation of Government Employees Local 446 and its President, Samuel Camp alleging that the Union and its President breached their duty of fair representation in his termination proceedings conducted by the Veterans Administration. The Defendants move to dismiss for lack of jurisdiction and for failure of the complaint to state a claim upon which relief can be granted by this Court. In the alternative the Defendants move for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure on the grounds that there is no genuine issue of a material fact and that they are entitled to a judgment of dismissal as a matter of law.

The Court heard the motions in Asheville on July 12, 1983 and after a careful consideration of the pleadings, affidavits, documents, briefs and arguments now enters its findings and conclusions.

In February 1982 the Plaintiff was employed as a Probationary Nursing Assistant at the Veterans Administration Medical Center in Asheville and about seven months later, that is, August 26, 1982 he was terminated because of misconduct and a failure to perform the duties of the position. The Plaintiff being a member of the Defendant Union, requested representation at the termination hearing and in compliance with such request the Union provided Samuel Montgomery, Union Steward of the Local to attend the hearing and represent the Plaintiff. Despite Mr. Montgomery's representation the Plaintiff was terminated effective September 10, 1982. On November 8, 1982 the Defendant, Samuel M. Camp filed a grievance on behalf of the Plaintiff complaining that the Plaintiff had not been advised by the Veterans Administration of his right to file a grievance and alleging violations of the contract between the Union and the Medical Center. A hearing was conducted on March 3, 1983 and the arbitrator found against the Plaintiff stating that his discharge was properly handled upon the merits. The Plaintiff then brought this action seeking to recover monetary damages for breach of duty of fair representation.

The Plaintiff instituted this action on March 3, 1983, the same day his hearing took place before the arbitrator. In his original complaint the Plaintiff alleged that Union Steward failed to advise him of his right to process any grievance for his termination and that the Defendant Camp failed to invoke arbitration concerning management's failure to inform him of his grievance rights and that Mr. Camp contrary to his request "filed a grievance with the Medical Center concerning the allegation of termination." He contends that the

filing of the grievance and scheduling a hearing on it was an attempt on the part of the Union to interfere with his right to file an Unfair Labor Practice complaint against the Veterans Administration Medical Center for failure to advise him of his grievance rights.

The Defendants moved under the provisions of Rule 12(c), Federal Rules of Civil Procedure for a more definite statement of Plaintiff's allegation or in the alternative, under Rule 12(f), F.R.C.P. they moved to strike the complaint. They also moved to dismiss pursuant to Rule 12(b), F.R.C.P., for lack of jurisdiction and for failure to state a claim upon which relief can be granted.

On May 23, 1983, the Plaintiff, through counsel, moved to file an amended complaint and on June 23, 1983 the Defendants renewed their motion to dismiss under Rule 12(b), F.R.C.P. for lack of jurisdiction and for failure to state a claim. The Defendants also filed a motion for summary judgment under Rule 56, F.R.C.P.

These motions were calendared for hearing in Asheville on July 12, 1983. On July 6, 1983, the Plaintiff filed pro se, a second amended complaint, and on July 7, 1983 the Plaintiff's attorney, William F. Rucker, Esq. of the Atlanta, Georgia, Bar called the Court advising that he desired to withdraw as counsel because of the Plaintiff's action in proceeding on his own. On July 11, 1983 the Plaintiff appeared in person at the Clerk's Office in Asheville and filed, pro se, the following documents: (1) Brief in support of motion to amend; (2) Response in opposition to motion to dismiss; (3) Brief in support of plaintiff's Response in opposition to Defendants' motion to dismiss; (4) Brief in opposition to motion for summary judgment; (5) Brief in opposition to the interpretation and award of William G. Haemmel, Arbitrator; and (6) Motion for a continuance of the hearing. The Clerk advised Mr. Naylor that he should appear for the hearing as the hearing had been delayed once before and that the Court would insist upon a hearing as set. Mr. Naylor advised that he would not appear and left the building. The Plaintiff failed to appear and since he has shown ample evidence that he intended to appear pro se the Court denied his motion for a continuance.

■ The Court in its discretion will allow both the amended and second amended complaints to be filed. The motions of the Defendants to dismiss for lack of jurisdiction and for failure to state a claim are denied. While all three complaints leave a lot to be desired as to a proper allegation of jurisdiction the Court is of the opinion that a mention of a federal question is sufficient to withstand the motion to dismiss for lack of jurisdiction.

■ It appears that under *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed. 842 (1967), the complaint states a claim upon which relief can be granted. The further claim advanced by the Defendants that Plaintiff's allegations of unfair representation of the Union fall within the exclusive jurisdiction of the Federal Labor Relations Authority from which the Plaintiff has a right to appeal to the Court of Appeals under 5 U.S.C.A. Sections 7101 et seq. (7121–7123) is also without merit. These statutes enacted by the Congress in 1978 deal with the obligations and rights of government employees, their Union and their employer, the Government. They were carefully drafted to follow the statutory scheme of the National Labor Relations Act. The Supreme Court in *Vaca v. Sipes, supra*, held that the National Labor Relations Act did not preempt the labor field to the extent that a district court would not have jurisdiction of an alleged breach of fair representation against a Union by a member. Since the Federal Labor Management Relations Statute, Title VII of the Civil Service Reform Act of 1978, 5 U.S.C.A. Section 7101, et seq. tracts the National Labor Relations Act it follows that the Supreme Court would hold as it did in *Vaca v. Sipes, supra*, that the district court would have jurisdiction of a claim as set forth in the complaints here.

The Defendants' motion for summary judgment presents a more difficult question. However, a careful reading of the

**140**

pleadings, affidavits, documents and briefs leads to the conclusion that there is no genuine issue as to any material fact and the case is ripe for summary judgment.

The Plaintiff alleges and contends that Samuel Montgomery, Union Steward, who represented him at the termination hearing failed to inform him of his rights to grieve his termination under the Master Agreement between the Union and the Veterans Administration. He also contends that Samuel Camp failed to inform him of such rights and of his right to invoke arbitration, and that Camp failed to initiate action to invoke arbitration after he requested him to do so. He then contends that he requested that the issue concerning the allegation of termination be deleted from the arbitration request and that Samuel Camp failed to comply with his request. He also says that the arbitration hearing was convened without his consent and presence and the issue of termination was considered despite his expressed request to have said issue deleted. He alleges and contends that the Defendants "acted in an arbitrary, capricious manner and in bad faith by participating in arbitration without his presence" and by hearing issues which were not supposed to have been heard.

The correspondence between the Plaintiff and the Defendants filed by the Plaintiff and the opinion and award filed by the Arbitrator, William G. Haemmel, filed by the Defendants establish the facts as to the representation of the Plaintiff by the Union. There is no dispute as to what occurred at the termination hearing and at the arbitration hearing. Nor is there any dispute as to the conduct of the Defendants in representing the Plaintiff.

The record shows that the Defendants represented the Plaintiff at the termination hearing and at the arbitration hearing. The Plaintiff was advised of the first hearing before the arbitrator and the reasons for its postponement. His wife was advised by telephone of the new date for the hearing and the record shows that he failed to attend. No reason was given for his absence and he offers no reason in his affidavits. He requested a continuance of the hearing before the Court so he could hire a new lawyer but advanced no reason why he could not be present himself at the hearing.

In *Vaca v. Sipes, supra,* the Supreme Court sets forth the test of whether a union breaches its duty of fair representation of a member.

 "A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory or in bad faith." There is nothing here to indicate that the Union processed or handled the Plaintiff's grievance in an arbitrary or bad faith manner. In fact the record proves the opposite—that is, that the representation was proper and in accord with good practices. There is no evidence that the Union or its local officers were in any way hostile to the Plaintiff or that the Union acted at any time other than in good faith.

It therefore follows that the Defendants are entitled to a judgment of dismissal as a matter of law and their motion for summary judgment will be allowed.

A judgment dismissing the action with prejudice will be entered simultaneously herewith.