876 F.2d 104
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edna J. RESCI, Plaintiff-Appellant,
v.
VETERANS ADMINISTRATION MEDICAL CENTER, Defendant-Appellee.
 No. 88-2006.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1989.
 
 Before KENNEDY, NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Edna J. Resci was a probationary employee at the Veterans Administration Medical Center (VAMC) from September 1, 1981 until August 30, 1982. VAMC terminated appellant shortly before the completion of her one-year probationary period. Appellant asked her union to file a grievance on her behalf. Appellant claims that over the next four years the union led her to believe that it was pursuing appeals in her behalf, while it in fact was not. Upon discovering that no grievance or appeal had been filed with the Merit Systems Protection Board, appellant brought this action against VAMC in federal district court. The district court dismissed the suit for lack of subject matter jurisdiction. We affirm.
 
 
 2
 Appellant contends that the district court had subject matter jurisdiction under the Administrative Procedure Act (APA), 5 U.S.C. Sec. 701 et seq. This contention is without merit. It is now well settled that "the APA is not to be interpreted as an implied grant of subject-matter jurisdiction...." Califano v. Sanders, 430 U.S. 99, 105 (1977). The APA cannot supply subject matter jurisdiction; "it only prescribes the standards for reviewing agency action once jurisdiction is otherwise established." Staacke v. Secretary of Labor, 841 F.2d 278, 282 (9th Cir.1988). Therefore, the district court correctly held that it did not have jurisdiction under the APA.[1]
 
 
 3
 In the alternative, appellant argues that the district court could have properly exercised jurisdiction under the Federal Labor Relations Statute (FLRS), 5 U.S.C. Sec. 7101 et seq. We agree with the district court's well-reasoned conclusion that it lacked jurisdiction under the FLRS. The FLRS vests exclusive jurisdiction over employee grievances in the Federal Labor Relations Authority. The Authority's orders are reviewable only by direct appeal to the courts of appeals. 5 U.S.C. Sec. 7123. The act contains no explicit grant of jurisdiction in the district courts.
 
 
 4
 Appellant argues that district court jurisdiction over FLRS claims was recognized in Naylor v. American Federation of Government Employees Local 446, 580 F.Supp. 137 (W.D.N.C.1983). Like the district court, we find Naylor inapposite. Naylor involved a breach of duty of fair representation claim against the employee's union, not a grievance against the employer. The Naylor court concluded that since the Supreme Court has held that the district courts possess jurisdiction over fair representation suits under the NLRA, jurisdiction over such claims must also exist under the analogous provisions of the FLRS. Naylor, 580 F.Supp. 137, 139 (citing Vaca v. Sipes, 386 U.S. 171 (1967)). But neither Naylor nor any other authority cited by appellant supports the proposition that the FLRS grants the federal district courts jurisdiction over employer-employee grievances.
 
 
 5
 Because neither the APA nor the FLRS give the federal district courts jurisdiction over employee grievances, the district court properly dismissed appellant's action for want of subject matter jurisdiction.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 Appellant also relies on Gleason v. Malcom, 718 F.2d 1044, 1048 (11th Cir.1983), a Bivens action which stated in dicta that a discharged federal employee "could have sought equitable relief ... pursuant to the Administrative Procedure Act." However, this is not a holding that the APA provides district court jurisdiction in such cases. The APA governs procedures; it does not supply jurisdiction. Califano, 430 U.S. at 107