**Werner R. STAACKE,**
**Plaintiff-Appellant,**

v.

**UNITED STATES SECRETARY OF**
**LABOR, Defendant-Appellee.**

No. 87–5921.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 3, 1988.

Decided March 2, 1988.

Robin Maisel, Law Offices of Thomas Martin, Long Beach, Cal., for plaintiff-appellant.

Jan L. Luymes, Asst. U.S. Atty., Civil Div., Los Angeles, Cal., for defendant-appellee.

Before HUG, KOZINSKI and NOONAN, Circuit Judges.

KOZINSKI, Circuit Judge:

We consider whether the district court properly dismissed for lack of subject matter jurisdiction Staacke's appeal from the Secretary of Labor's decision denying him temporary total disability payments.

*Facts*

Appellant is a dock worker who was injured while working at the Long Beach Naval Shipyard on December 3, 1980. He suffered, among other disabilities, a detached retina, costing him 95 percent of the sight from his right eye. He received continuous workers' compensation disability payments from the time of the injury through January 12, 1981, and again from April 20, 1981, through June 8, 1982. On April 7, 1983, the Office of Workers' Compensation Programs (OWCP) determined

that plaintiff's loss of use of his right eye was permanent and thus awarded him compensation pursuant to the schedule set out in the Federal Employees Compensation Act (FECA), 5 U.S.C. § 8107 (1982); this scheduled award ran from June 8, 1982, until July 1, 1985. As he was already receiving compensation for his injury, OWCP suspended temporary total disability payments during the time appellant was receiving this award. Once the scheduled award period elapsed, however, he was put back onto the disability payments rolls where he remains.

Appellant requested that OWCP reimburse him for the temporary total disability payments he did not receive during the 1982–1985 scheduled award period, claiming that the applicable statute, 5 U.S.C. § 8107 (1982), requires that temporary disability and scheduled awards be paid concurrently. In late 1985, OWCP denied appellant's request and the Employees' Compensation Appeals Board upheld this decision. Appellant then brought this declaratory judgment action in district court, asking the court to determine whether he was entitled to temporary total disability payments during the scheduled award period. Appellee, the Secretary of Labor, moved to dismiss for lack of subject matter jurisdiction and the court dismissed appellant's claim on March 10, 1987.

*Discussion*

Appellant asserted a single basis of jurisdiction in his original complaint: 28 U.S.C. § 1331 (1982) (federal question jurisdiction). Since then, however, he has suggested additional bases of jurisdiction, including 28 U.S.C. § 2201(a) (Supp. III 1985) (Declaratory Judgment Act), and 5 U.S.C.

§ 702 (1982) (Administrative Procedure Act). We consider each in turn.[1]

### A. *The Declaratory Judgment Act*

It is well settled that the Declaratory Judgment Act "does not itself confer federal subject matter jurisdiction," *Fidelity & Casualty Co. v. Reserve Ins. Co.*, 596 F.2d 914, 916 (9th Cir.1979), but merely provides an additional remedy in cases where jurisdiction is otherwise established. *Luttrell v. United States*, 644 F.2d 1274, 1275 (9th Cir.1980); *see also Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 672, 70 S.Ct. 876, 879, 94 L.Ed. 1194 (1950) ("the requirements of [federal] jurisdiction ... were not impliedly repealed or modified"); *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240, 57 S.Ct. 461, 463, 81 L.Ed. 617 (1937) ("the operation of the Declaratory Judgment Act is procedural only"). Appellant must therefore look elsewhere to find a jurisdictional basis for this declaratory judgment claim.

### B. *Federal Question Jurisdiction*

The federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Because this suit arises under FECA, appellant argues that the district court had subject matter jurisdiction. But section 1331 does not automatically confer jurisdiction in all cases involving federal statutes. In *Califano v. Sanders*, 430 U.S. 99, 105, 97 S.Ct. 980, 984, 51 L.Ed.2d 192 (1977), the Supreme Court held that federal question jurisdiction was "subject ... to preclusion-of-review statutes created or retained by Congress." *See also United States v. Fausto*, — U.S. —, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988).[2] And, as the district court

1. Because subject matter jurisdiction is a question of law, we review the district court's decision de novo. *South Delta Water Agency v. United States*, 767 F.2d 531, 535 (9th Cir.1985); *Carpenters S. Cal. Admin. Corp. v. Majestic Housing*, 743 F.2d 1341, 1343 (9th Cir.1984).

2. Appellant argues that "[j]udicial review of administrative action is the rule and nonreviewability is the exception which must be demonstrated." Appellant's Brief at 7 (citing *Barlow v.*

*Collins*, 397 U.S. 159, 90 S.Ct. 832, 25 L.Ed.2d 192 (1970)). While this is a fair statement of the general principle, the Supreme Court has recently cautioned that "the presumption favoring judicial review is not to be applied in the 'strict evidentiary sense,' but may be 'overcom[e]' whenever the congressional intent to preclude review is "fairly discernible in the statutory scheme." ' " *Fausto*, — U.S. at —, 108 S.Ct. at — (citations omitted).

below noted, "5 U.S.C. § 8128(b) is just such a preclusion-of-review statute." *Staacke v. Secretary of Labor*, No. CV–86–6613–AWT, slip op. at 4 (C.D.Cal. March 10, 1987).

■ Section 8128(b) provides:

The action of the Secretary or his designee in allowing or denying a payment under this subchapter is—

. . . .

(2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

The language is clear and its meaning unmistakable: Federal courts have no jurisdiction to review final judgments of the Secretary of Labor and his officers in these statutory matters, regardless of whether other, more general, statutes might seem to grant such jurisdiction. *See, e.g., Paluca v. Secretary of Labor*, 813 F.2d 524, 527–28 (1st Cir.), *cert. denied sub nom. Roberts v. Secretary of Labor*, —— U.S. ——, 108 S.Ct. 328, 98 L.Ed.2d 355 (1987); *Grijalva v. United States*, 781 F.2d 472, 474 (5th Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 89, 93 L.Ed.2d 42 (1986).

Significantly, the Supreme Court has singled out section 8128(b) as a model preclusion-of-review statute, noting that Congress uses such "unambiguous and comprehensive" language "when [it] intends to bar judicial review altogether." *Lindahl v. Office of Personnel Management*, 470 U.S. 768, 779–80 & n. 13, 105 S.Ct. 1620, 1627 & n. 13, 84 L.Ed.2d 674 (1985). While this statement in *Lindahl* is dictum, Supreme Court dicta are something the lower federal courts do not lightly ignore.

■ Even where the statutory provision absolutely bars judicial review, however, there are two situations where review is nonetheless available: First, courts maintain jurisdiction to consider constitutional claims, *see, e.g., Rodrigues v. Donovan*, 769 F.2d 1344, 1348 (9th Cir.1985); and, second, jurisdiction exists where defendant is charged with violating a clear statutory mandate or prohibition, *see, e.g., Oestereich v. Selective Serv. Sys. Local Bd. No. 11*, 393 U.S. 233, 238–39, 89 S.Ct. 414, 416–17, 21 L.Ed.2d 402 (1968); *Leedom v. Kyne*,

358 U.S. 184, 188–89, 79 S.Ct. 180, 183–84, 3 L.Ed.2d 210 (1958). Appellant makes no constitutional claim and therefore the first exception does not apply. Moreover, the narrow window left open by the Supreme Court in permitting review when a clear statutory mandate has been transgressed does not justify review in this case.

Appellant seeks to demonstrate a violation of the statute by pointing to section 8107(a) which provides for scheduled compensation "[i]f there is a permanent disability involving loss of use . . ." and specifies that such compensation shall be *in addition* to compensation for temporary total or temporary partial disability." 5 U.S.C. § 8107(a)(3) (1982) (emphasis added). Plaintiff argues that "in addition to" means "concurrent with," relying on *Henry v. George Hyman Const. Co.*, 749 F.2d 65 (D.C.Cir.1984) (construing Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 908). The Secretary responds that "in addition to" simply means that the scheduled payment will not be foreclosed by the fact that the claimant has received temporary partial disability payments. In the Secretary's view, a scheduled award is made "in addition" to the temporary partial disability payments when it is made subsequent thereto.

■ While both constructions are plausible, we find the Secretary's to be the more persuasive. Temporary disability benefits and scheduled award payments represent two different compensation schemes. Temporary disability reimburses the employee for his temporary wage loss; a scheduled award compensates him for permanent loss of use of a bodily member or function. *Compare* 2 A. Larson, *Workmen's Compensation Law* § 57.00, 10–1 (describing temporary disability benefits) *with id.* at § 58.00, 10–311 (describing scheduled awards). Authorizing concurrent payments would be tantamount to adjudging an employee temporarily and permanently disabled at the same time. The Secretary's approach also finds some support in the legislative history of the 1949 and 1966 amendments to FECA. *See, e.g.,* S.Rep. No. 836, 81st Cong., 1st Sess., *re-*

*printed in* 1949 U.S.Code Cong. & Admin. News 2125, 2129–30 ("payments for continued disability involving loss of earning capacity would not begin to run until the scheduled weekly payments have been exhausted"); S.Rep. No. 1285, 89th Cong., 2d Sess., *reprinted in* 1966 U.S.Code Cong. & Admin.News 2430, 2431 ("[amendment provides] for compensation based on loss of wage-earning capacity after the scheduled award has been paid out").

In any event, we need not resolve this dispute. Our task is limited to determining whether the statute in question contains a clear command that the Secretary has transgressed. Where, as here, the statute is capable of two plausible interpretations, the Secretary's decision to adopt one interpretation over the other cannot constitute a violation of a clear statutory mandate. This case is therefore far different from *Oestereich* and *Leedom.* In *Leedom,* the Court considered section 9(b)(1) of the National Labor Relations Act. Unlike FECA, which leaves to the Secretary and his agents the responsibility to draft workers' compensation rules and to adjudicate claims, section 9(b)(1) of the NLRA provides unequivocally that "the Board *shall not* (1) decide that any unit is appropriate for such purposes...." 29 U.S.C. § 159(b)(1) (1982) (emphasis added). The Court noted that the suit was "not one to 'review' ... a decision of the Board made within its jurisdiction," but rather "one to strike down an order of the Board made in excess of its delegated powers and contrary to a specific prohibition in the Act." 358 U.S. at 188, 79 S.Ct. at 184. Similarly, in *Oestereich,* the Court considered a clear violation of the Selective Service Act, 50 U.S.C. § 456(g)(2) (1982). The Court there stated: "[In this case], there is no exercise of discretion by a Board in evaluating evidence and in determining whether a claimed exemption is deserved. The case we decide today involves a clear departure by the Board from its statutory mandate." 393 U.S. at 238, 89 S.Ct. at 416.

 By contrast, FECA vests plenary authority in the Secretary of Labor and his authorized agents to "administer, and decide all questions arising under, [the Act]." 5 U.S.C. § 8145 (1982). Specifically, the Secretary may award or refuse to award compensation, 5 U.S.C. § 8124(a) (1982), and may, at his discretion, "end, decrease, or increase the compensation previously awarded." 5 U.S.C. § 8128(a)(1) (1982). Consequently, the discretion accorded to the Secretary "to make the policy choices associated with disability decisions" is virtually limitless. *See Rodrigues,* 769 F.2d at 1348. Under such circumstances, there can be no review based on a violation of a clear statutory mandate.

### C. The Administrative Procedure Act

 Appellant also asserts jurisdiction on the basis of section 702 of the Administrative Procedure Act, 5 U.S.C. § 702 (1982). The APA, however, does not provide an independent jurisdictional basis; it only prescribes the standards for reviewing agency action once jurisdiction is otherwise established. *Califano,* 430 U.S. at 106–07 & n. 6, 97 S.Ct. at 984–85 & n. 6 ("[§ 702] was not intended as an independent jurisdictional foundation"). Because we find no jurisdiction based upon 28 U.S.C. § 2201 or 28 U.S.C. § 1331, appellant's arguments concerning section 702's waiver of sovereign immunity are beside the point.

### Conclusion

The district court's order dismissing for lack of jurisdiction is AFFIRMED.