892 F.2d 83
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard H. HOIDAL, Plaintiff-Appellant,
v.
Ann MCLAUGHLIN, William L. Howard, II, District Director of
the Office of Workers' Compensation Programs,
Defendants-Appellees.
 No. 88-3798.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 15, 1989.
Decided Dec. 18, 1989.
 
 Before BROWNING, ALARCON, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Hoidal appeals the dismissal for lack of jurisdiction of his writ of mandamus to compel the Office of Workers' Compensation Program ("OWCP") to reinstate his disability benefits under the Federal Employees' Compensation Act, 5 U.S.C. §§ 8101-8193 ("FECA"). We affirm.
 
 
 3
 Hoidal was employed as a warehouseman at the Naval Supply Center in Bremerton, Washington from 1951 until 1970, when he left because of an employment-related disability. Hoidal received periodic disability benefits under FECA until 1984, when OWCP terminated Hoidal's benefits on its own motion. Hoidal requested an administrative hearing to challenge the decision. Two hearings were scheduled, but both were cancelled at Hoidal's request. Eventually, OWCP reviewed his claim in an informal meeting.
 
 
 4
 As a result of this review, OWCP sent out two documents: (1) a compensation order vacating the original termination order; and (2) a memorandum limiting the compensation order by stating benefits would not be restored until Hoidal submitted to another medical examination to resolve conflicts in previous medical opinions.
 
 
 5
 OWCP twice requested Hoidal to submit to an examination. Hoidal refused to do so unless OWCP first reinstated his benefits retroactively to the date of termination in 1984. OWCP declined to do so.
 
 
 6
 Hoidal brought this action in mandamus. The district court dismissed the action on the ground it lacked jurisdiction in light of 5 U.S.C. § 8128(b)(2).[1] Hoidal moved for reconsideration. His motion was denied, and he appeals from both orders.
 
 
 7
 Factual findings on jurisdictional issues are reviewed for clear error, Bruce v. United States, 759 F.2d 755, 758 (9th Cir.1985), but whether jurisdiction exists is a legal question reviewed de novo, id.
 
 
 8
 Hoidal cannot circumvent the express limitation on judicial review of the Secretary of Labor's decisions under 5 U.S.C. § 8128(b) by relying on the broad jurisdictional grant of 28 U.S.C. § 1361. See Staacke v. Secretary of Labor, 841 F.2d 278, 281 (9th Cir.1988). Though we may not review the Secretary's decisions regarding benefits, we retain jurisdiction to consider cognizable constitutional claims. Id. The constitutional claim advanced must not be insubstantial, and the "mere allegation of a constitutional violation [is] not sufficient to avoid the effect of a statutory finality provision." Rodrigues v. Donovan, 769 F.2d 1344, 1348 (9th Cir.1985). We review Hoidal's two constitutional claims in turn to determine whether they are substantial and therefore cognizable.
 
 
 9
 Hoidal first claims his due process rights were violated because he did not receive a hearing before his benefits were discontinued. In Mathews v. Eldridge, 424 U.S. 319 (1976), the Supreme Court determined a recipient of disability benefits under the Social Security Act was not entitled to a hearing prior to termination of the benefits. The Court found a hearing after termination adequately protected the due process rights of claimants because, inter alia, (1) eligibility for benefits is not based on financial need; (2) benefits are awarded retroactively should a claimant prevail; and (3) the possible period of deprivation before the hearing is not unduly lengthy. Id. at 340-43. The first two of these conditions are present in Hoidal's case. Only the length of time preceding a hearing differs, but Hoidal may shorten the time whenever he wishes by submitting to a medical examination.[2]
 
 
 10
 Furthermore, "the decision whether to discontinue disability benefits will turn, in most cases, upon routine, standard, and unbiased medical reports." Id. at 344 (quotation omitted). Because the risk of error is less when the decision is based on such medical reports, the value of an evidentiary hearing before termination is also less. Id. at 344-45. We conclude that Hoidal's claim that he was denied due process when his benefits were terminated prior to a hearing is not substantial.
 
 
 11
 Hoidal next claims OWCP violated his due process rights by failing to comply with its own compensation order vacating its previous termination order. The district court found the compensation order and the memorandum to be complementary rather than contradictory. This is a finding of fact reviewed for clear error, and we do do not find it clearly erroneous. Viewed together, the two documents allow OWCP to vacate the termination order without reinstating benefits. Thus, no substantial due process claim is presented.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 "The action of the Secretary or his designee in allowing or denying a payment under this subchapter is ... not subject to review by another official of the United States or by a court by mandamus or otherwise."
 
 
 [2]
 Hoidal also claims OWCP violated his due process rights by terminating his benefits on insufficient evidence. Conflicts in medical opinion, however, may be resolved at a hearing after benefits are terminated. See Mathews, 424 U.S. at 344-45