974 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Imre DOMBY, Plaintiff-Appellant,
v.
U.S. GOVERNMENT; Elizabeth Dole; Employees Comp.,
Defendants-Appellees.
 No. 91-56011.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 10, 1992.*
Decided Sept. 15, 1992.
 
 Before FARRIS, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Imre Domby appeals the district court's dismissal of his action challenging the denial of his claim under the Federal Employees' Compensation Act (FECA), 5 U.S.C. § 8101 et seq. We affirm.
 
 BACKGROUND
 
 3
 Domby filed a claim for compensation under FECA on May 30, 1987. Domby alleged that between 1958 and 1986 the CIA, working through his family members, surreptitiously drugged him with LSD and other substances. Domby claimed that he was disabled as a consequence of the government's experimentation. The Secretary of Labor forwarded Domby's case file to the CIA, which searched its records but found no mention of Domby's name. On April 7, 1989, the Secretary informed Domby that he had an additional 30 days to submit proof that he had been an employee of the federal government, voluntary or otherwise. Domby did not submit any such evidence and the Secretary denied his claim on July 13, 1989.
 
 
 4
 Domby appealed to the Employees' Compensation Appeals Board (ECAB). On appeal he claimed that the government had administered drugs to him through some 22 federal agencies, 80 institutions, and 185 researchers of unknown identity. The ECAB emphasized that a claimant seeking compensation under FECA has the burden of proving the essential elements of his claim and found that Domby had not met his burden of proving that he was a federal employee. The ECAB denied Domby's request for reconsideration.
 
 
 5
 Domby filed suit in the district court. His complaint alleged that the Secretary unconstitutionally required him to produce evidence that he was a federal employee. Domby further claimed that the Secretary's investigation of the CIA's records was constitutionally inadequate because the Secretary failed to acknowledge that records of the drug experimentation program were kept in code. The district court dismissed Domby's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.
 
 DISCUSSION
 
 6
 We lack jurisdiction to review the Secretary's denial of a claim for FECA benefits. 5 U.S.C. § 8128(b). We do have jurisdiction over constitutional claims; however, these claims must "be more than mere allegations included in the complaint to create jurisdiction where none would exist otherwise." Rodrigues v. Donovan, 769 F.2d 1344, 1348 (9th Cir.1985). In Rodrigues we found that the Secretary's prolonged delay in holding a post-termination hearing presented a cognizable due process claim. Id. at 1348 (citing Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 547, 105 S.Ct. 1487, 1496, 84 L.Ed.2d 494 (1985)). In Raditch v. United States, 929 F.2d 478 (9th Cir.1991), we took jurisdiction because a disabled employee's benefits were allegedly terminated without notice. We said that "due process principles require at least notice and an opportunity to respond in some manner, whether in writing or at an oral hearing, before termination [of a government-created property interest]...." Id. at 480.
 
 
 7
 In contrast to the plaintiffs in Rodrigues and Raditch, Domby has failed to state a cognizable due process claim. He asserts that the Secretary impermissibly placed upon him the burden of proving he was a federal employee. In doing so, the Secretary complied with her own regulations, which state that "[a] claimant has the burden of establishing by the weight of reliable, probative and substantial evidence that the claimed condition and the disability, if any, was caused ... by the claimant's Federal employment." 20 C.F.R. § 10.110(a). Assuming that Domby is attacking this regulation as so arbitrary and irrational as to violate the Due Process Clause, this claim is frivolous and is best interpreted as an attempt to create federal jurisdiction where none exists.
 
 
 8
 The same is true for Domby's claim that the Secretary's investigation of his claim was so inadequate as to violate the constitution. By statute the Secretary is obliged to complete "such investigation as [she] considers necessary." 5 U.S.C. § 8124. According to the Secretary's regulations,
 
 
 9
 [t]he Office [of Workers Compensation Programs] may, in its discretion, undertake to develop either factual or medical evidence for determination of the claim. For example, ... when relevant evidence is in the possession of the Federal government and not accessible to the claimant (e.g., a deactivated employing agency facility), the Office will undertake to develop the necessary evidence.
 
 
 10
 20 C.F.R. § 10.110(b). In this case the Secretary undertook to develop the necessary evidence by asking the CIA to search its records for information about Domby. The CIA found none. Domby argues that the CIA's fruitless search was due to the fact that victims of drug experimentation were assigned code names. Domby seems to suggest that the Secretary's failure to search the CIA's records for reference to an unknown code name was unconstitutional. His claim before the ECAB that close to 300 other individuals and institutions, plus his family members, also administered drugs to him would not cast upon the Secretary the duty of investigating all of them, especially since Domby came forward with nothing but general background information and his own assertions. Domby's criticism of the Secretary's investigation, like his claim that he need not produce any evidence, fails to spell out a cognizable constitutional claim.
 
 
 11
 Domby's complaint broadly asserted that the Secretary's procedures deprived him of due process. This allegation alone does not state a cognizable claim. In his opposition to the defendant's motion to dismiss, Domby argued for the first time that he was denied due process by the Secretary's failure to grant him a hearing. The Secretary's procedures gave Domby ample opportunity to submit evidence. Before denying his claim for benefits, the Secretary notified Domby of the need to submit proof of his employee status and granted him 30 days to provide this evidence. Domby did not do so. When the Secretary denied Domby's claim, Domby had the choice of requesting a hearing, requesting reconsideration of the Secretary's decision, or filing an appeal to the ECAB. 20 C.F.R. §§ 10.131, 10.138(b), 10.139. Although Domby submitted an untimely request for a hearing months before his claim was first denied, upon receiving the Secretary's decision Domby chose to appeal to the ECAB. The ECAB gave Domby's claim detailed consideration without hearing oral argument.
 
 
 12
 By asserting that the Secretary's failure to hold an oral hearing was unconstitutional, Domby seems to argue that an oral hearing is an essential component of due process. We note that such a principle would condemn the federal trial and appellate courts' routine practice of deciding cases without an oral presentation. The denial of Domby's application without an oral hearing does not of itself give rise to a cognizable due process claim.
 
 
 13
 AFFIRMED.
 
 
 14
 WIGGINS, Judge, dissenting,
 
 
 15
 Appellant Imre Domby appeals from the dismissal of his suit against the Secretary of Labor for allegedly violating his constitutional right to due process in denying his application for employment benefits under the Federal Employee Compensation Act ("FECA"), 5 U.S.C. § 1801(1). The district court dismissed the action for lack of subject-matter jurisdiction and failure to state a claim upon which relief could be granted. The district court concluded that jurisdiction over the action was barred by 5 U.S.C. § 8128. Domby claims that he adequately stated a violation of his constitutional right to due process so as to avoid the bar of 5 U.S.C. § 1828. He contends that the district court had subject-matter jurisdiction under 28 U.S.C. § 1331. I believe that the judgment of the district court should have been reversed.
 
 
 16
 I. The District Court Had Jurisdiction Under 28 U.S.C. § 1331
 
 
 17
 The district court erred in dismissing Domby's action for lack of subject-matter jurisdiction. The district court had subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. Section 1331 confers subject-matter jurisdiction to the district court over "all civil actions arising under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331. The Ninth circuit has found jurisdiction under section 1331 despite the existence of a statutory provision barring judicial review, like § 8128(b), where the plaintiff has a substantial constitutional claim. Staacke v. United States Secretary of Labor, 841 F.2d 278, 281 (9th Cir.1988); Rodriguez v. Donovan, 769 F.2d 1344 (9th Cir.1985).
 
 
 18
 II. Domby Alleged Sufficient Constitutional Violations
 
 
 19
 The majority contends that Domby did not sufficiently allege a constitutional violation so as to give the district court jurisdiction under section 1331. The government complained that Domby's papers were so confusing that it is impossible to determine what, if any, constitutional violations he alleges. While Domby's papers are somewhat confusing, it is possible through careful reading to determine what Domby alleges. The Supreme Court requires that greater tolerance be given to papers filed by a pro se litigant. A pro se litigant's pleadings are to be construed liberally. Boag v. McDougall, 454 U.S. 364 (1981); Haines v. Kerner, 404 U.S. 519 (1971).
 
 
 20
 Domby makes several allegations with respect to the procedures used by the Secretary in ruling on his application for benefits. Each of these claims is a constitutional due process claim which supports the existence of subject-matter jurisdiction under section 1331.
 
 
 21
 Domby alleges that he was denied due process by the Secretary's failure to hold a hearing as required by 5 U.S.C. § 8124(b). Such a hearing is a matter of right where it is requested in a timely manner. See In re John H. Brown, 84-509, March 6, 1984, ECAB, U.S. Dept. Of Labor. Domby's application for benefits was initially denied by the Secretary on April 7, 1989. Domby requested a hearing on the matter by letter on April 29, 1989. Domby's request was timely. Thereafter, the Secretary did not hold a hearing, but instead issued an opinion and findings of fact reiterating her denial of Domby's application for benefits. The Secretary's failure to conduct a hearing was a violation of Domby's constitutional right to procedural due process. See Morgan v. United States, 304 U.S. 1 (1937) (failure to provide proper hearing as required by statute voids agency action as violation of due process); Florida East Coast Railway Co. v. United States, 322 F.Supp. 725 (1971), reversed on other grounds, 410 U.S. 224 (1974) (failure of the ICC to afford railroad proper hearing as required by statute before fixing rates denied due process). This allegation is clearly sufficient to vest subject-matter jurisdiction in this district court under section 1331.
 
 
 22
 The majority notes that Domby did not plead a due process claim based on the Secretary's failure to give him a hearing in his original complaint. While it is true that Domby's original complaint did not expressly state that the Secretary failed to provide the hearing required by section 8124(b), it did allege that the Secretary did not provide him the procedural process required. The section 8124(b) hearing clearly falls under that general allegation. Additionally, this allegation was clarified in Domby's opposition to the government's motion to dismiss. See Nietzke v. Williams, 490 U.S. 319, 329-30 (1988) (opposition to motion to dismiss is properly used to clarify factual allegations or legal theories so as to conform with the requirements of a valid legal cause of action). He stated that his procedural rights were violated by the Secretary's failure to hold the requested hearing. Under the liberal standard required by the Supreme Court for pro se litigants this court must consider all Domby's papers in a light most favorable to Domby in determining the sufficiency of his pleading. Id.; see also Radovich v. N.F.L., 352 U.S. 445 (1957) (on motion to dismiss courts must construe plaintiff's papers in a light most favorable to plaintiff). Thus, Domby did allege a due process violation based on the Secretary's failure to grant him the hearing which he was entitled to as a matter of right.
 
 
 23
 Domby further claims that his right to due process was violated by the fact that the Secretary assigned the burden of proof on the issue of whether Domby was a federal employee to Domby. Domby claims that in a case involving classified information, where all the evidence relevant to the issue is solely in the possession of the government, the burden of proof should be on the government to disprove a claim. Domby argues that he made out a prima facie case that he was a federal employee and that the burden should then be on the Secretary to prove that he was not a federal employee. He points to other areas of administrative adjudication for analogy. He notes that in the social security disability context that the burden of proof on the issue of disability is on the Secretary once the claimant has made out a prima facie case. He also points to Title VII actions as another administrative adjudication where the burden shifts after the plaintiff makes out a prima facie case. He argues that the policy behind shifting the burden to the government is even stronger in a classified case where the government has control of all the evidence. He contends that the assignment of the burden of proof to him when the government has control over all the relevant evidence was a violation of his constitutional right to due process. See Medina v. California, No. 90-8370, June 22, 1992, 1992 WL 135546 (U.S. Supreme Court). This allegation is also sufficient to establish jurisdiction.
 
 
 24
 A careful examination of Domby's papers reveals that he made sufficient allegations that the Secretary violated his constitutional right to due process. These allegations are sufficient to establish subject-matter jurisdiction in the district court under 28 U.S.C. § 1331. Therefore, the district court erred in dismissing the complaint for lack of subject-matter jurisdiction and failure to state a claim.
 
 
 25
 III. The Majority Treated The Case As An Appeal From A Motion To Dismiss On The Merits
 
 
 26
 The majority has treated this case as if it is an appeal from a motion to dismiss on the merits. This case is not an appeal from a motion to dismiss on the merits or a summary judgment motion. The case is an appeal from a dismissal for lack of subject matter jurisdiction. Therefore, whether the claims alleged are colorable is irrelevant. That question is properly the subject of a motion to dismiss on the merits. Such a motion was not made, and given the posture of this case, could not have been made to the district court. The only question in the case is whether Domby alleged any constitutional claims, thereby giving the district court subject matter jurisdiction under 28 U.S.C. § 1331. In reviewing this case, we must look only to Domby's pleadings to decide whether he has alleged any constitutional claims. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1973) (appeal from dismissal for lack of subject-matter jurisdiction is resolved by reviewing sufficiency of the pleadings).
 
 
 27
 The majority expanded its analysis in this case beyond the scope necessary to decide it. The majority found that Domby had alleged several constitutional claims. Its analysis should have stopped there and the judgment of the district court should have been reversed. However, the majority went on to conclude that Domby was unlikely to succeed on the merits of his constitutional claims and instead affirmed the district court. The majority argues that the constitutional claims were alleged simply to provide the district court with jurisdiction. I do not believe that is the case, nor do I agree that those claims are so obviously meritless as to warrant dismissal prior to a consideration of their merits. Furthermore, it is not appropriate for the court to consider the merits of the constitutional claims in ruling on the jurisdictional issue as the Supreme Court requires that the allegations in the pleadings be taken as true for purposes of a motion to dismiss. Cruz v. Beto, 405 U.S. 319, 322 (1972). Taking Domby's allegations as true, it is clear that he has alleged "cognizable" constitutional claims.
 
 
 28
 It appears the actual claim which the majority believes is not cognizable is Domby's ultimate claim to benefits. However, whether that claim is cognizable is irrelevant to this appeal. It is entirely possible that Domby's ultimate claim for benefits is meritless, but the Secretary did in fact violate his due process rights in reaching that result. Neither the district court nor this court has the power to dismiss an otherwise valid constitutional due process claim because it believes that the plaintiff would has lost even if he had been accorded the requisite due process.
 
 
 29
 It is likely that Domby will have a difficult time ultimately prevailing on his claim for benefits. The evidence concerning the people who were involuntarily tested by the CIA is understandably scarce. However, that is not the question before us and the Supreme Court has stated specifically that we may not take those concerns into consideration in ruling on whether the district court had jurisdiction. "When a federal court reviews the sufficiency of a complaint ... the issue is not whether a plaintiff will ultimately prevail.... Indeed it may appear on the face of the pleadings that a recovery is remote and unlikely, but that is not the test." Scheuer, 416 U.S. at 236. The only question in this case is a legal one: that based on his pleadings, did Domby allege any constitutional claims in his action in the district court? I believe that we all agree that he did. Thus, the judgment of the district court should have been reversed.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3