993 F.2d 1550
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kathleen K. KROGGEL, Plaintiff-Appellant,
v.
Marvin RUNYON,** Postmaster General, and
Robert Reich,*** Secretary of
Labor, Defendant-Appellees.
 No. 92-1995.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 20, 1993.*
Decided May 17, 1993.
 
 Before COFFEY, FLAUM and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 After the Equal Employment Opportunity Commission ("EEOC") dismissed Kathleen Kroggel's claims of employment and handicap discrimination against the United States Postal Service, she filed this civil action pro se in federal district court. The district court granted summary judgment in favor of the Postmaster General and the Secretary of Labor,[1] and we affirm.
 
 I. BACKGROUND
 
 2
 In 1984, as a result of employment-related medical conditions, Kroggel left the employ of the United States Postal Service in Milwaukee, Wisconsin and began receiving worker's compensation benefits under the Federal Employees Compensation Act ("FECA"), 5 U.S.C. §§ 8101-8193. In March of 1985, Kroggel filed an employment discrimination action against the Postmaster General in federal court. Subsequently, Kroggel filed three separate complaints with the EEO of the Postal Service alleging discrimination on the basis of handicap and reprisal. The first alleged that a supervisor had submitted false information to the Office of Worker's Compensation Program ("OWCP"). The second charged the Postal Service with mishandling her OWCP files. The third claimed that Kroggel had been improperly ordered to undergo a fitness-for-duty examination, and had not been allowed to have a representative present during the examination. Kroggel's federal action settled in 1986 by an agreement providing in part that subsequent EEOC complaints would survive as to any cause of action arising after March of 1985 and that any cause of action arising before March of 1985 would be dismissed.
 
 
 3
 On February 18, 1988, the Postal Service issued a final agency decision resolving all three administrative complaints by a finding that Kroggel was not a qualified handicapped individual and that no discrimination or reprisal discrimination had occurred. The agency decision was ultimately affirmed by the EEOC on March 27, 1990. The EEOC found that Kroggel's first complaint was untimely under 29 C.F.R. § 1613.214(a)(1)(i)[2] and precluded by the 1986 settlement agreement. As to the other two later complaints, the EEOC ruled that Kroggel had failed to establish a prima facie case of reprisal discrimination.
 
 
 4
 Kroggel then filed this action alleging additional physical and mental harm caused by "the defendants' adverse actions" and her efforts "to oppose the adverse actions." Amended Complaint, pp 1, 2. She also asserted that these adverse actions were designed to hinder the processing of her worker's compensation claim, and to deprive her of entitled benefits. Id. at p 4. In response, the defendants moved for judgment on the pleadings or in the alternative, for summary judgment.
 
 
 5
 The district court granted summary judgment to the defendants on the grounds that Kroggel's action was barred by the exclusive remedy provision of the FECA which rendered her claim for additional damages moot. Although we cannot affirm the district court on this basis, this court may affirm on any ground supported by the record. Reed v. Amax Coal Co., 971 F.2d 1295, 1298 (7th Cir.1992). On appeal, Kroggel maintains that summary judgment was precluded by the existence of material issues of fact concerning her claim of additional injuries.
 
 II. ANALYSIS
 
 6
 We review the district court's grant of summary judgment de novo, accepting as true and drawing all reasonable inferences from the facts in the light most favorable to the non-moving party. Williams v. Anderson, 959 F.2d 1411, 1413 (7th Cir.1992). Summary judgment is proper if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). "A genuine issue of material fact exists only where 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.' " Schneider v. USA, 936 F.2d 956, 959 (7th Cir.1991) (quoting Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 249 (1986)), cert. denied, 112 S.Ct. 965 (1992).
 
 
 7
 Kroggel maintains on appeal that the settlement agreement could not serve to bar her action,[3] because it was induced through misrepresentation and coercion and lacked consideration.[4] Where a plaintiff is represented by chosen counsel who actively negotiates a settlement, it is generally presumed that the plaintiff voluntarily and knowingly executed the release. Under these circumstances, we are reluctant to inquire into the subjective intent of the waiving party, for it would unduly hamper voluntary settlement goals. Riley v. American Family Mut. Ins. Co., 881 F.2d 368, 374 (7th Cir.1989). Kroggel bases her claim on allegations that her counsel materially misrepresented the effect of the release in the prior discrimination suit and threatened to withdraw as counsel if she did not sign.
 
 
 8
 That plaintiff's counsel may have inaccurately conveyed the effect of the release does not establish fraud or undue influence. Id.; Maksym v. Loesch, 937 F.2d 1237, 1243 (7th Cir.1991). The absence of fraud is further supported by the fact that Kroggel does not assert that she had an inadequate opportunity to consult with her counsel regarding the consequences of the release, nor does she allege that her counsel colluded with the defendants to coerce execution of the settlement. See e.g., Riley, 881 F.2d at 374. Because Kroggel's allegations are insufficient to support a favorable verdict, summary judgement was proper.
 
 
 9
 Although Kroggel does not cite any statutory authority underlying her claim, it is possible to construe her complaint as essentially raising the same claims as were decided by the EEOC. Before the EEOC, she alleged discrimination because of her handicap and in reprisal for prior EEO complaints. If Kroggel is claiming discrimination under the Rehabilitation Act, her concession that she is not a "qualified, handicapped person," 29 C.F.R. § 1613.702(f), necessarily precludes the establishment of a prima facie case of discrimination. 29 U.S.C. § 794; see Carter v. Casa Central, 849 F.2d 1048, 1053 (7th Cir.1988); Black v. Frank, 730 F.Supp. 1087, 1091 (S.D.Ala.1990). See generally School Board of Nassau County v. Arline, 480 U.S. 273, 289 (1987). Because Kroggel is unable to establish an element essential to her case upon which she would bear the burden of proof at trial, summary judgment was properly awarded to the defendants. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 10
 The Rehabilitation Act, 29 U.S.C. § 794a(a)(1), which makes Title VII applicable to federal employees does not provide for compensatory or punitive damages, but offers only reinstatement with or without back pay and other equitable relief. Trautvetter v. Quick, 916 F.2d 1140, 1147-48 (7th Cir.1990); see United States v. Burke, 112 S.Ct. 1867, 1873 (1992) (Title VII does not purport to recompense a plaintiff for traditional harms associated with personal injury, such as pain and suffering, emotional distress or other consequential damages). Yet, Kroggel asserts entitlement to "other equitable relief" in the form of additional compensation instead of reinstatement. The fact that Kroggel seeks compensatory damage for her alleged additional injuries, coupled with her characterization of defendants' adverse actions as "deceit, conditions of employment, unfair, wrongful and unlawful practices," Amended Complaint, p 1, suggests that she may have intended to bring a claim under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. §§ 1346(b), 2671 et seq. Before a claimant may institute an action against the United States under the FTCA, however, he or she must provide the appropriate federal agency with written notification of the tortious incident and a request for money damages in sum certain. Deloria v. Veterans Admin., 927 F.2d 1009, 1011 (7th Cir.1991) (citing 28 C.F.R. § 14.12(a) (1988)). Kroggel's failure to demonstrate compliance with the administrative exhaustion requirements of the FTCA therefore operates as a jurisdictional bar.[5] Id.; 28 U.S.C. § 2675(a).
 
 
 11
 To the extent Kroggel's complaint may be construed to assert errors, as opposed to tortious conduct, during the processing of her worker's compensation claim, we note that she was given the opportunity to address any errors to the OWCP. In fact, when notified of these alleged errors, remedial steps were taken. As to the fitness-for-duty exam, Kroggel was informed of her right and provided the opportunity to have her own physician or a medical unit nurse present during the examination.
 
 
 12
 Although Kroggel concedes that she is receiving worker's compensation benefits for her work-related injuries in an amount equal to her salary, her complaint alleges that she was deprived of benefits to which she is entitled. This claim is not redressable through the court. The Secretary of Labor is given exclusive authority to administer the FECA and to decide all cases arising under it. 5 U.S.C. § 8145. As a subdivision of the Department of Labor, the OWCP's decision to award or deny benefits is not subject to judicial review. 5 U.S.C. § 8128(b). After a determination to award benefits under FECA is made, an injured employee's exclusive remedy is to accept coverage. 5 U.S.C. § 8116(c). See Woodruff v. United States Dept. of Labor, 954 F.2d 634, 639 (11th Cir.1992); Staacke v. United States Secretary of Labor, 841 F.2d 278, 281 (9th Cir.1988).
 
 
 13
 In sum, plaintiff's argument not only lacks sufficient evidence to support a favorable verdict, but fails to demonstrate a viable basis for her claims. We therefore conclude that summary judgment was properly granted.
 
 
 14
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 **
 Pursuant to Fed.R.App.P. 43(c), Marvin Runyon is substituted for Anthony M. Frank as Postmaster General
 
 
 ***
 Pursuant to Fed.R.App.P. 43(c) Robert Reich is substituted for Elizabeth Doyle as Secretary of Labor
 
 
 [1]
 The only proper defendant in a discrimination action brought under the Rehabilitation Act is the Postmaster General of the United States Postal Service. McGuinness v. United States Postal Service, 744 F.2d 1318, 1322-23 (7th Cir.1984). Insofar as Kroggel's action is construed as a discrimination claim, the Secretary of the Department of Labor is dismissed as an improper party
 
 
 [2]
 An administrative deadline is not a jurisdictional prerequisite to suit, but rather is construed as a statute of limitations. See Rennie v. Garrett, 896 F.2d 1057, 1062 (7th Cir.1990)
 
 
 [3]
 Even if this argument prevailed, it would only effectively revive plaintiff's claim arising out of false information supplied to the OWCP
 
 
 [4]
 The allegation that the release lacked consideration is without merit. The agreement provided for a $500.00 payment in attorney's fees and for the issuance of several policy statements regarding workers' rights against discriminatory treatment. On the whole, the release was clearly "supported by some consideration [and the] plaintiff cannot attack the validity of her release based on the retrospective inadequacy of the settlement." Riley, 881 F.2d at 375
 
 
 [5]
 In addition, the court lacks jurisdiction under the FTCA because Kroggel failed to properly name the United States as a defendant. Under the FTCA, only the United States may be named as a defendant, federal agencies or individuals may not be named. 28 U.S.C. §§ 2679(a), (b)(1); Hughes v. United States, 701 F.2d 56, 58 (7th Cir.1982)