79 F.3d 1153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Apple GATE, Plaintiff-Appellant,
v.
Marvin RUNYON, Postmaster General; U.S. Postal Service,
Robert B. Reich, Secretary Department of Labor,
Defendants-Appellees.
 No. 94-15771.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.*
Decided March 18, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Apple Gate appeals pro se the district court's dismissal of his action against the United States Postal Service ("Postal Service"), Postmaster General Marvin Runyon and Secretary of Labor Robert B. Reich alleging discrimination and various other causes of action surrounding his termination from employment with the Postal Service. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Robi v. Five Platters, Inc., 838 F.2d 318, 321 (9th Cir.1988), and affirm.
 
 
 3
 Gate previously brought an action against the Postal Service alleging discrimination in his termination from employment. Gate v. Frank, No. C-89-0226-CAL (N.D.Cal. Oct. 12, 1989) (granting summary judgment for the Postal Service and Postmaster General). Accordingly, the district court properly determined that Gate's action was barred by res judicata. See Robi, 838 F.2d at 321-22 (holding that res judicata prevents subsequent litigation by the same parties of all claims or defenses that were, or could have been, raised in a previous action which led to a final judgment on the merits).
 
 
 4
 In addition, the district court lacked jurisdiction to consider Gate's Federal Employment Compensation Act ("FECA") claim. See Staacke v. United States Secretary of Labor, 841 F.2d 278, 281 (9th Cir.1988) ("Federal courts have no jurisdiction to review final judgments of the Secretary of Labor and his officers in [FECA] matters."). Finally, to the extent that Gate is seeking relief based on torts committed after his termination, the district court lacked jurisdiction to consider such claims. See Meridian Int'l Logistics, Inc. v. United States, 939 F.2d 740, 743 (9th Cir.1991) (holding that exhaustion of administration remedies is a jurisdictional prerequisite to filing action under the Federal Torts Claim Act).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. All outstanding motions are denied as moot
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3