**Gwendolyn HOLIDAY, Plaintiff–Appellant,**

v.

**UNITED STATES; et al., Defendants–Appellees.**

No. 00–56407.

D.C. No. 99–CV–9956–LGB.

United States Court of Appeals, Ninth Circuit.

Submitted April 9, 2001.*

Decided April 18, 2001.

Before CANBY, KOZINSKI, and RYMER, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Gwendolyn Holiday appeals pro se the district court's dismissal of her action seeking to compel the Office of Workers' Compensation Programs to reinstate her benefits under the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. §§ 8101–8193. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for lack of subject matter jurisdiction, *Staacke v. United States Sec'y of Labor*, 841 F.2d 278, 280 n. 1 (9th Cir.1988), and we affirm.

FECA provides an exclusive and comprehensive program of workers' compensation for government employees injured in work-related accidents and precludes judicial review. *Staacke*, 841 F.2d at 281 ("Federal courts have no jurisdiction to review final judgments of the Secretary of Labor and his officers in [FECA] matters."). We agree with the district court that Holiday cannot invoke either of the exceptions to FECA's statutory bar on judicial review. *See Staacke*, 841 F.2d at 282; *see also Raditch v. United States*, 929 F.2d 478, 480 (9th Cir.1991).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

