Emerson M.F. JOU, M.D.,
Plaintiff–Appellant,

v.

OFFICE OF WORKERS' COMPENSA-TION PROGRAM; U.S. Department of Labor; Thomas Markey, Director; Margaret Peterson, Director, Defendants–Appellees.

No. 00–16064.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 1, 2001.*

Decided Jan. 7, 2002.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before THOMPSON, O'SCANNLAIN, and BERZON, Circuit Judges.

MEMORANDUM **

Appellant Emerson M.F. Jou, M.D. is a treating physician who provided medical services to federal employees under the federal workers compensation program. *See* 5 U.S.C. §§ 8101 *et seq.* Jou submit-

ted reimbursement claims to the Office of Workers Compensation Programs ("OWCP"), which paid some of the claims and denied others in full or in part. Jou brought suit to recover $40,468.21 in unpaid medical fees. He also sought a declaratory judgment that the OWCP's claim procedures violated his right to procedural due process under the Fifth Amendment.

In ruling on cross motions for summary judgment, the district court held that it lacked subject matter jurisdiction to review the OWCP's payment decisions, but it had jurisdiction to hear Jou' constitutional claim. The court then determined that the claim procedures were constitutionally sufficient, denied Jou's summary judgment motion, and granted summary judgment in the OWCP's favor. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ Federal courts are barred by statute from reviewing decisions by the OWCP to pay or deny claims. *See* 5 U.S.C. § 8128(b); *Staacke v. United States Sec'y of Labor*, 841 F.2d 278, 280–81 (9th Cir. 1988); *Rodrigues v. Donovan*, 769 F.2d 1344, 1347–48 (9th Cir.1985); *see also Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 779–80 & n. 13, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985). Thus, the district court correctly concluded that it lacked jurisdiction to consider Jou's claim for payment.

■ We have jurisdiction, however, to decide Jou's constitutional claim that the OWCP's procedures violated his right to procedural due process. *See Staacke*, 841 F.2d at 281; *Rodrigues*, 769 F.2d at 1348. In order for us to exercise this jurisdiction, "the due process contentions [must] appear to be more than mere allegations included in the complaint to create jurisdiction where none would exist otherwise." *Rodrigues*, 769 F.2d at 1348.

Jou's complaint contains factual allegations that assert procedural deficiencies with the OWCP's claim procedures. He seeks more than a mere reconsideration of the OWCP's payment decision. Thus, his due process contentions satisfy the threshold standard to confer jurisdiction. *See id.; see also Rolen v. Barnhart*, 273 F.3d 1189, 1190 (9th Cir.2001) (holding, in a social security case, that the plaintiff satisfied the threshold standard to confer jurisdiction "[b]ecause [he] claims that he lost benefits because he was denied due process, and cites arguably relevant caselaw in support of his due process claim").

■ Turning to the merits of Jou's claim, "[a] procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Board of Educ.*, 149 F.3d 971, 982 (9th Cir.1998). We assume, without deciding, that Jou has a property interest in his claim for payment. *See Lujan v. G & G Fire Sprinklers, Inc.*, 532 U.S. 189, 121 S.Ct. 1446, 1450, 149 L.Ed.2d 391 (2001) ("[w]e assume, without deciding, that the . . . respondent has a property interest . . . in its claim for payment"); *Brewster*, 149 F.3d at 982 ("we shall simply assume, without deciding that . . . [the plaintiff] enjoyed a protected property interest").

Even if Jou has a protected interest, we agree with the district court that Jou's claim does not survive summary judgment. To the extent that Jou raises a facial challenge to the OWCP's claim procedures, we have reviewed the pertinent statutes and regulations and conclude that they provide ample notice and opportunity to seek reconsideration of adverse payment determinations.

■ Jou's "as applied" due process challenge also fails. Jou is not entitled to prevail on *his* summary judgment motion because the OWCP submitted evidence that directly contradicted his allegations

and, therefore, raised triable issues of material facts. *See* Fed.R.Civ.P. 56(c). The OWCP, however, is entitled to prevail in *its* motion for summary judgment. The agency satisfied its burden by submitting evidence showing that it followed standard procedures in handling Jou's reimbursement claims. *See Nissan Fire & Marine Ins. Co. v. Fritz Co.,* 210 F.3d 1099, 1102 (9th Cir.2000). Jou failed to rebut this showing. Instead, he rested on the allegations made in his pleadings and failed to submit additional evidence. That was insufficient to defeat the OWCP's motion for summary judgment. *See id.* at 1103; *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

We have carefully reviewed Jou's remaining arguments and have concluded that they need no further discussion.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.