**Earnest FREEMAN, Plaintiff–Appellant,**

v.

**EMPLOYMENT STANDARDS ADMINISTRATION; U.S. Department of Labor, Defendants–Appellees.**

No. 03–15564.

D.C. No. CV–02–01051–SBA.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2003.*

Decided July 24, 2003.

Before BROWNING, LEAVY and HAWKINS, Circuit Judges.

MEMORANDUM**

Earnest Freeman, a former production controller for the United States Department of the Navy, appeals pro se the district court's judgment dismissing his action challenging the Office of Workers' Compensation Programs' ("OWCP") decision denying him wage loss benefits under the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101. We have jurisdiction under 28 U.S.C. § 1291. We review de novo both the district court's dismissal for lack of subject matter jurisdiction, *Staacke v. United States Sec'y of Labor,* 841 F.2d 278, 280 n. 1 (9th Cir. 1988), and summary judgment, *Kawaoka v. City of Arroyo Grande,* 17 F.3d 1227, 1233–34 (9th Cir.1994). We affirm.

The district court properly dismissed for lack of subject matter jurisdiction Freeman's claim that OWCP improperly denied his workers' compensation claim. *See* 5 U.S.C. § 8128(b); *see also Staacke,* 841 F.2d at 281 (holding that FECA decisions are not subject to review unless plaintiff alleges that defendant violated the constitution or a "statutory mandate").

The district court properly granted summary judgment on Freeman's due process claim because Freeman failed to create a genuine issue of material fact as to whether he was precluded from submitting all evidence supporting his wage loss claim at the administrative hearing. *Cf. Raditch v. United States,* 929 F.2d 478, 480 (9th Cir. 1991).

Freeman's contention that it was improper for the district court to change the case management conference date is unavailing. *See United States v. Batiste,* 868 F.2d 1089, 1091 n. 4 (9th Cir.1989) (acknowledging that a district court has broad discretion to manage its own calendar).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Freeman's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.