Carl R. BENAVIDEZ, Plaintiff—Appellant,

v.

DEPARTMENT OF LABOR; Elaine Chao, in her official capacity as Secretary of Labor, Defendants—Appellees.

No. 04–56601.

United States Court of Appeals, Ninth Circuit.

Submitted April 19, 2005.*

Decided May 11, 2005.

Carl R. Benavidez, Lincoln Acres, CA, pro se.

James S. Sanzi, United States Attorney, San Diego, CA, for Defendants–Appellees.

Before: SKOPIL, FARRIS, and T.G. NELSON, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Carl Benavidez appeals the district court's decision to grant summary judgment and to reject his claim that he was denied due process in his administrative attempts to increase his workers' compensation. We affirm.

## DISCUSSION

 Federal courts lack jurisdiction to review directly the Department of Labor's refusal to modify a claimant's disability compensation. *See* 5 U.S.C. § 8128(b) (providing DOL's decision "allowing or denying a payment" is "not subject to review ... by a court by mandamus or otherwise"); *see also Staacke v. United States Sec'y of Labor*, 841 F.2d 278, 280–81 (9th Cir.1988); *Rodrigues v. Donovan*, 769 F.2d 1344, 1347 (9th Cir.1985). Notwithstanding this statutory bar, we have held there is jurisdiction to review a colorable constitutional claim that the agency's procedures violated due process. *See Staacke*, 841 F.2d at 281; *Rodrigues*, 769 F.2d at 1347–48.

◼ We agree with the district court that Benavidez has not asserted a colorable constitutional claim. He complains he was not permitted to "appeal" the denials of his request for increased benefits, but those "denials" were merely statements of benefits and informational responses to his inquiries. The DOL's Office of Worker's Compensation Program (OWCP) later issued a final decision on the merits that included a full description of Benavidez's appeal rights. There was no due process violation. *See Raditch v. United States*, 929 F.2d 478, 480 (9th Cir.1991) (noting "OWCP has procedures that more than adequately provide due process to claimants"). Moreover, to the extent Benavidez

is seeking administrative review of his employment classification, that issue was fully litigated by the parties and decided by the Federal Circuit, *see Benavidez v. Department of the Navy*, 241 F.3d 1370 (Fed.Cir. 2001), and is thus barred from being relitigated. *See Qwest Corp. v. City of Portland*, 385 F.3d 1236, 1244–45 (9th Cir.2004) (applying issue preclusion).

Benavidez also complains he did not have notice that the district court would grant summary judgment. The record indicates, however, that defendants moved to "dismiss, or in the alternative, for summary judgment." Both parties submitted numerous declarations and documents consistent with a motion for summary judgment. We conclude Benavidez had ample notice that he faced the possibility of summary judgment. *See Grove v. Mead Sch. Dist. No. 354*, 753 F.2d 1528, 1532 (9th Cir.1985) ("[N]otice is adequate if the party against whom judgment is entered is 'fairly apprised' that the court will look beyond the pleadings, thereby transforming the motion to dismiss into a motion for summary judgment.").

AFFIRMED.

**Karen MARGARYAN, Petitioner,**

**v.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.