**Willie Hugh WALKER, Jr., Plaintiff—Appellant,**

**v.**

**UNITED STATES of America; et al., Defendants—Appellees.**

Nos. 08–35147, 08–35239.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 8, 2009.

Willie Hugh Walker, Jr., Birmingham, AL, for Plaintiff–Appellant.

Rebecca Shapiro Cohen, Esquire, Assistant U.S., Office of the U.S. Attorney, Seattle, WA, for Defendants–Appellees.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Willie Hugh Walker, Jr., appeals pro se from the district court's judgment dismissing his action challenging the denial of his claim for disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Staacke v. U.S. Sec'y of Labor*, 841 F.2d 278, 280 n. 1 (9th Cir.1988), and we affirm.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

568

The district court properly dismissed Walker's claims challenging the denial of his request for disability benefits because the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. §§ 8101 *et seq.*, provides an exclusive and comprehensive program of workers' compensation for government employees injured in work-related accidents, *see Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir.1995) (per curiam), and district courts have no jurisdiction to review final judgments in FECA matters rendered by the Department of Labor, *see Staacke*, 841 F.2d at 281. Moreover, Walker's conclusory allegations of constitutional violations were insufficient to avoid the effect of FECA's finality provision. *See Rodrigues v. Donovan*, 769 F.2d 1344, 1348 (9th Cir.1985).

The district court properly dismissed Walker's remaining claims under the doctrine of res judicata because Walker raised those claims in a prior federal action that was adjudicated on the merits. *See Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir.2007) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.").

Walker's remaining contentions lack merit.

**AFFIRMED.**