**FRIENDS OF THE COAST FORK;**
Oregon Natural Resources Council,
Plaintiffs–Appellants,

v.

**UNITED STATES DEPARTMENT OF THE INTERIOR; United States Fish and Wildlife Service; Marvin Plenart, Regional Director of the United States Fish and Wildlife Service; Bruce Babbitt, in his official capacity as Secretary of the Interior, Defendants–Appellees.**

No. 95–35996.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 6, 1997.

Decided March 27, 1997.

David A. Bahr, Bahr & Stotter, Eugene, Oregon, for the plaintiffs-appellants.

Judith D. Kobbervig, Assistant United States Attorney, Portland, Oregon, for the defendants-appellees.

Before: PREGERSON and THOMAS, Circuit Judges, and REED,* District Judge.

EDWARD C. REED, Jr., District Judge.

Appellants Friends of the Coast Fork ("Friends") and Oregon Natural Resources Council ("ONRC") requested, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, copies of certain documents in the possession of Appellee U.S. Fish and Wildlife Service ("USFWS"). The question presented by this appeal is whether Appellants are entitled to a waiver of fees for duplication of those documents. Because we find that Friends and ONRC made a prima facie showing of entitlement, which the government did not satisfactorily rebut, we re-

verse and remand with instructions to grant Appellants a full fee waiver.

## FACTS AND PROCEEDINGS BELOW

Appellants are public interest environmental organizations headquartered in Eugene, Oregon. Pursuant to FOIA, they separately and independently requested the administrative record of USFWS's decision not to list the western pond turtle (*Clemmys* marmorata) as an endangered or threatened species under the Endangered Species Act, 16 U.S.C. §§ 1531–1544. Initially and on administrative appeal, USFWS denied their requests for a waiver of fees which would be incurred in connection with the duplication of the requested documents. The only reason the government offered for this denial was that the documents were available for review in USFWS's "public reading rooms" in Portland, Oregon, 100 miles from Appellants' headquarters, and Sacramento, California, considerably farther away.

Friends and ONRC jointly sought judicial review of this denial. The magistrate judge, at summary judgment, recommended a full fee waiver for both requesters. The government objected to this recommendation, and the district court ordered a partial fee waiver for some documents and no fee waiver for the remainder. Friends and ONRC timely appealed.

## STANDARD OF REVIEW

FOIA fee waiver decisions are reviewed de novo, with review limited to the record before the agency. 5 U.S.C. § 552(a)(4)(A)(vii); *McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282, 1284 (9th Cir.1987) ("*MESS* ").

## DISCUSSION

FOIA requires the federal government to furnish documents to public interest groups free of charge, or at a reduced rate, "if disclosure of the information is in the public interest." 5 U.S.C. § 552(a)(4)(A)(iii). Such

---

* The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Neva-    da, sitting by designation.

disclosure is in the public interest if "it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *Id.*

Appellee U.S. Department of the Interior has promulgated a multi-factor balancing test to assist it in evaluating the statutory standard. 43 C.F.R. § 2.21(a)(2). One factor of this test is whether the requested materials are publicly accessible in an Interior Department reading room; if so, the regulations specify that disclosure is unlikely to contribute significantly to public understanding. *Id.* § 2.21(a)(2)(iii). The other factors in this test include (1) the connection between the contents of the materials and the requesters' interests, (2) how informative the materials are as to the government's operations and activities, (3) the degree of the requesters' focus on public understanding, (4) the requesters' expertise and ability to disseminate information, (5) the degree to which the information is valuable intrinsically, and (6) whether the information is new, clearly supports public oversight, or confirms or clarifies data on government operations. *Id.* § 2.21(a)(2).

■ Friends and ONRC have passed the test. They identified why they wanted the administrative record, what they intended to do with it, to whom they planned on distributing it, and the zoological expertise of their membership. In particular, they made it clear to USFWS that they meant to challenge publicly the scientific basis for the western pond turtle listing denial. This suffices as a prima facie showing that disclosure to Friends and ONRC is "likely to contribute significantly to public understanding."

The regulations plainly call for a multi-factor balancing test, yet the Appellees, in denying Appellants' fee waiver, performed no balancing. Instead, the Appellees hung their hats on a single factor: the availability of the requested materials in USFWS's Portland and Sacramento reading rooms.

■ Our review is limited to the record before the agency, and this applies just as much to the reasons the agency offered for denial as it does to the evidence the agency

offered, 5 U.S.C. § 552(a)(4)(A)(vii); *MESS,* 835 F.2d at 1284. True, requesters bear the initial burden of satisfying the statutory and regulatory standards for a fee waiver, *MESS,* 835 F.2d at 1284–85, but the government's denial letter must be reasonably calculated to put the requester on notice as to the deficiencies in the requester's case. On judicial review, we cannot consider new reasons offered by the agency not raised in the denial letter. *Independence Mining Co., Inc. v. Babbitt,* 105 F.3d 502, 511–12 (9th Cir. 1997) (citing *Industrial Union Dep't v. American Petroleum Inst.,* 448 U.S. 607, 631 n. 31, 100 S.Ct. 2844, 2858 n. 31, 65 L.Ed.2d 1010 (1980)). Taken together, these principles lead us to the following conclusion: on judicial review, the agency must stand on whatever reasons for denial it gave in the administrative proceeding. If those reasons are inadequate, and if the requesters meet their burden, then a full fee waiver is in order.

■ As discussed above, Appellants did meet their burden of showing prima facie eligibility for a fee waiver. The question, then, is whether the documents' availability in a public reading room alone justifies denial of a fee waiver. We think, on the facts of this case, that it does not. Appellants must travel at least 100 miles simply to look at the administrative record. The record is about 2500 pages long, much of it technical in nature-a file too large and dense on which to take effective notes. Meaningful scrutiny by Appellants is therefore impossible unless they have their own copy. But to make such a copy themselves requires them either to spend many hours in front of a photocopier, hours which are limited to the normal working hours during which USFWS's offices are open, or to spend money at a commercial duplication service. We need not (and thus do not) find that the Interior Department's "public reading room" factor is so unreasonable that we owe it no deference, as Appellants urge us to hold. Instead, we hold that on the facts of this case the public reading room rationale alone is insufficient to rebut the prima facie case made out by Friends and ONRC.

We therefore reverse and remand, with instructions to grant a full fee waiver for the entire administrative record. Because Appellants agree to share one copy, the waiver shall be for only one copy. The parties will bear their own costs.

REVERSED and REMANDED.