Jeffrey M. LOUIS, Plaintiff–Appellant,

v.

U.S. DEPT. OF LABOR, an executive department of the United States; Elaine L. Chao,* in her capacity as Secretary of Labor, Defendants–Appellees.

No. 99–36092.

D.C. No. CV–99–05195–FDB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 2001.

Decided July 17, 2001.

---

* Elaine L. Chao is substituted for her predecessor, Alexis M. Herman, as Secretary of Labor.

Fed. R.App. P. 43(c)(2).

Before B. FLETCHER, BRUNETTI and FISHER, Circuit Judges.

MEMORANDUM**

■ In Counts 1 and 2 of his complaint, Appellant seeks to force the Department of Labor ("DOL") to amend its November 15, 1994 decision denying his claim for FECA benefits, deleting any references to the original Rajachar Memo ("Rajachar I") and the partially redacted Rajachar Memo ("Rajachar III"). The federal courts lack jurisdiction to order such an amendment of a DOL decision with respect to a FECA claim. 5 U.S.C. § 8128(b). Thus, we must affirm the district court's rejection of these claims.

■ Count 3 of the complaint alleges the DOL violated the Privacy Act by impermissibly relying on Rajachar I in denying Louis' request for reconsideration of its earlier decision. *See* 5 U.S.C. § 552a(g)(1)(C). The November 15, 1994 decision relied in large part on Rajachar I in reaching its conclusion that denial of Louis' FECA claim was warranted. In its denial of Louis' request for reconsideration, the DOL stated, "All information received was cumulative in nature, and reiterated argument and evidence already carefully considered in the ... decision of November 15, 1994." The DOL's rationale for its subsequent decision thus indicates that it considered the entirety of the prior decision, including that portion that impermissibly relied on Rajachar I. This impression is confirmed by the DOL's argument before the district court that it "never agreed to do or to refrain from doing anything with respect to 'the *contents*' of Rajachar I, as opposed to Rajachar I itself." This argument indicates that the DOL took the impermissible allegations in Rajachar I into account in its denial of the request for reconsideration, thereby ignoring the intent of the court's order regard-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

ing Rajachar I as well as the strictures of the Privacy Act on which the order was based.

■ Under the Privacy Act, when an agency "fails to maintain any record concerning any individual with such accuracy ... as is necessary to assure fairness in any determination relating to ... benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual," the individual so affected may bring a claim for damages of at least $1000. 5 U.S.C. § 552a(g)(1)(C), (g)(4). Damages are warranted when the claimant shows "1) that the government failed to fulfill its record keeping obligation, 2) which failure proximately caused the adverse determination, 3) that the agency failed intentionally or willfully to maintain the records, and 4) that the plaintiff suffered actual damages." *Rose v. United States*, 905 F.2d 1257, 1259 (9th Cir.1990).

The DOL's failure to maintain its records in such a way as to indicate to the claims examiner that it could not rely on the Rajachar Memo in reviewing Louis' request for reconsideration violated the Privacy Act. The DOL's disregard of both the district court's prior decision rendering reliance on Rajachar I impermissible and its own assurance that it would annotate the memo in its files "to reflect that it is not to be considered in any future action related to Dr. Louis' claim" constitutes a willful failure on the part of the government to abide by its obligations, and proximately resulted in the government's refusal to reconsider its earlier decision, thereby adversely affecting Louis. We strongly disapprove of the DOL's attempts to circumvent the protections of the Privacy Act, and we hold that Louis is entitled to $1000 in damages. *Wilborn v. Dep't of Health & Human Servs.*, 49 F.3d 597, 603 (9th Cir.1995).

Count 4 of the complaint alleges that the DOL impermissibly relied on Rajachar III in its denial of Louis' request for reconsideration. The record belies this contention. As noted above, the November 24, 1998 decision relied on the evidence considered in conjunction with its November 15, 1994 denial of benefits. Rajachar III was not created until July 1995. Thus, the 1994 decision (and, by extension, the 1998 decision) could not have relied on Rajachar III.

■ In Counts 6 and 7, Louis seeks a determination that the preclusion of judicial review in 5 U.S.C. § 8128(b) does not apply to claims by United States citizens, and urges this court to review the DOL's November 28, 1998 decision. We have previously held, however, that the language precluding judicial review in § 8128(b) "is clear and its meaning unmistakable: Federal courts have no jurisdiction to review final judgments of the Secretary of Labor and [her] officers in these statutory matters." *Staacke v. United States Sec'y of Labor*, 841 F.2d 278, 281 (9th Cir.1988). *Staacke* remains the law of this circuit. We therefore affirm as to Counts 6 and 7.

■ In light of his success on Count 3, Appellant is entitled to costs and reasonable attorney fees for this action. 5 U.S.C. § 552a(g)(4)(B). We emphasize that we do not intend our decision to serve as an invitation to future litigation. Counsel informed the court at oral argument that Louis was bringing Count 3 solely for the $1000 in damages, and not as a springboard for subsequent claims. He has received his requested relief, which should put an end to the parties' dispute.

AFFIRMED in part, REVERSED in part and REMANDED.