**NOT FOR PUBLICATION**

# FILED

UNITED STATES COURT OF APPEALS

FEB 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

KEERUT SINGH,

                Plaintiff-Appellant,

   v.

UNITED STATES POSTAL SERVICE,

                Defendant-Appellee.

No.   17-35571

D.C. No. 2:17-cv-00233-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted February 13, 2018[**]

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

    Keerut Singh appeals pro se from the district court's summary judgment in

his Freedom of Information Act ("FOIA") and Privacy Act action arising out of

requests for records relating to his employment and associated investigations and

background checks. We have jurisdiction under 28 U.S.C. § 1291. We review de

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Singh's request for oral argument, set forth in his opening brief, is denied.

novo. *Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 990 (9th Cir. 2016) (en banc) (summary judgment in FOIA cases); *Louis v. Dep't of Labor*, 419 F.3d 970, 973 (9th Cir. 2005) (summary judgment in Privacy Act cases). We affirm.

The district court properly granted summary judgment because Singh failed to raise a genuine dispute of material fact as to whether the United States Postal Service had not conducted an adequate search for responsive documents. *See* 5 U.S.C. § 552a(b) (conditions of disclosure under the Privacy Act); *Hamdan v. U.S. Dep't of Justice*, 797 F.3d 759, 770-71 (9th Cir. 2015) (setting forth requirements for demonstrating adequacy of search for documents under FOIA); *Lane v. Dep't of Interior*, 523 F.3d 1128, 1139 (9th Cir. 2008) (adequacy of search for documents under the Privacy Act), *overruled in part on other grounds by Animal Legal Def. Fund*, 836 F.3d at 990.

Because Singh submitted arguments in his opposition to defendant's motion for summary judgment, the district court did not err by denying Singh's request for oral argument. *See* Fed. R. Civ. P. 78 (district court may decide motions without oral argument); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998) (litigants cannot demonstrate prejudice for denial of oral argument where they had an

17-35571

adequate opportunity to submit evidence and argument on the papers in opposition to summary judgment).

We reject as unsupported by the record Singh's contention that the district judge and U.S. Attorney's Office engaged in misconduct.

All pending requests are denied.

**AFFIRMED.**