**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ADALBERTO ZALDIVAR, Sr., | No. 17-15582 |
| Plaintiff-Appellant, | D.C. No. 4:14-cv-02234-CKJ |
| v. | |
| UNITED STATES DEPARTMENT OF THE AIR FORCE; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted March 13, 2018[**]

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Jose Adalberto Zaldivar, Sr., an Arizona state prisoner, appeals pro se from

the district court's summary judgment and dismissal orders in his Freedom of

Information Act ("FOIA") and Privacy Act ("PA") action. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo. *Animal Legal Def. Fund v. U.S.*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Food & Drug Admin.*, 836 F.3d 987, 990 (9th Cir. 2016) (en banc) (summary judgment in FOIA cases); *Louis v. Dep't of Labor*, 419 F.3d 970, 973 (9th Cir. 2005) (summary judgment in PA cases). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment on Zaldivar's claims related to his FOIA requests to the United States Department of the Air Force, Air Force Safety Center, Air Force Military Justice Division, National Personnel Records Center, and Department of Veterans Affairs because defendants submitted declarations that were reasonably detailed, and showed that defendants conducted an adequate search for documents. *See Hamdan v. U.S. Dep't of Justice*, 797 F.3d 759, 770-71 (9th Cir. 2015) (setting forth requirements for demonstrating adequacy of search for documents under FOIA).

Summary judgment was proper on Zaldivar's claims related to his PA requests to the United States Department of the Air Force, Air Force Safety Center, Air Force Military Justice Division, National Personnel Records Center, and Department of Veterans Affairs because defendants submitted declarations that were reasonably detailed, and showed that defendants conducted an adequate search for documents. *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1139 (9th Cir. 2008) (setting forth requirements for demonstrating adequacy of search for

17-15582

documents under PA), *overruled in part on other grounds by Animal Legal Def. Fund*, 836 F.3d at 990.

The district court properly dismissed as time-barred Zaldivar's claims related to his PA request to the Southern Arizona Veterans Affairs Health Care System. *See* 5 U.S.C. § 552a (g)(5) (two-year statute of limitations under the PA); *Serra v. Lappin*, 600 F.3d 1191, 1195 (9th Cir. 2010) (standard of review). Contrary to Zaldivar's contention, the continuing violation doctrine does not save his claims from being time-barred.

The district court properly dismissed Zaldivar's claims related to his FOIA request to the FBI because Zaldivar failed to exhaust administrative remedies. *See In re Steele*, 799 F.2d 461, 465 (9th Cir. 1986) ("Exhaustion of a parties' administrative remedies is required under the FOIA before that party can seek judicial review."). Zaldivar fails to identify any error in the district court's dismissal of his claims related to his PA request to the FBI.

The district court properly dismissed Zaldivar's claims brought under 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1986, as well as any claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), because Zaldivar failed to allege facts sufficient to state any plausible claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must still present factual

3                                                                                    17-15582

allegations sufficient to state a plausible claim for relief); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (standard of review).

The district court properly denied Zaldivar's motion for appointment of counsel because Zaldivar did not demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirement of "exceptional circumstances" for appointment of counsel).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Zaldivar's motion for an extension of time to file his reply brief (Docket No. 27) is denied as unnecessary because Zaldivar's reply brief was timely filed.

**AFFIRMED.**