**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTHA JANE McNEELY, | No. 17-16985 |
| Plaintiff-Appellant, | D.C. No. 5:14-cv-03509-EJD |
| v. | |
| U.S. DEPARTMENT OF ENERGY; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted April 11, 2018[**]

Before: SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Martha Jane McNeely appeals pro se from the district court's summary

judgment in her Freedom of Information Act ("FOIA") and Privacy Act action

arising out of requests for records, and its order dismissing her claims against

General Electric Company. We have jurisdiction under 28 U.S.C. § 1291. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

review de novo. *Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 990 (9th Cir. 2016) (en banc) (summary judgment in FOIA cases); *Louis v. Dep't of Labor*, 419 F.3d 970, 973 (9th Cir. 2005) (summary judgment in Privacy Act cases); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (res judicata). We affirm.

The district court properly dismissed McNeely's claims against General Electric Company as barred by the doctrine of res judicata because McNeely raised, or could have raised, these claims in a prior federal action in which there was a final judgment on the merits. *See Stewart*, 297 F.3d at 956-57 (setting forth the elements of the doctrine of res judicata, and explaining that res judicata bars "any claims that were raised or could have been raised" in a prior action (citation, internal quotation marks, and emphasis omitted)).

The district court properly granted summary judgment on McNeely's FOIA and Privacy Act claims because the Department of Energy's declarations were reasonably detailed and showed that the Department "conducted a search reasonably calculated to uncover all relevant documents." *Hamdan v. U.S. Dep't of Justice*, 797 F.3d 759, 770-71 (9th Cir. 2015) (citations and internal quotation marks omitted) (requirements for demonstrating adequacy of search for documents

under FOIA); *Lane v. Dep't of Interior*, 523 F.3d 1128, 1139 (9th Cir. 2008) (adequacy of search for documents under the Privacy Act).

The district court properly concluded that the Department proved the applicability of the FOIA exemption claimed. *See Minier v. CIA*, 88 F.3d 796, 800 (9th Cir. 1996) ("The agency may meet its burden by submitting a detailed affidavit showing that the information logically falls within the claimed exemptions." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in refusing to require a *Vaughn* index or in denying discovery because McNeely failed to show how allowing discovery would have precluded summary judgment. *See Lane*, 523 F.3d at 1134 ("A district court has wide latitude in controlling discovery, and its rulings will not be overturned in absence of a clear abuse of discretion." (citation and internal quotation marks omitted)); *Minier*, 88 F.3d at 804 ("[W]hen the affidavit submitted by an agency is sufficient to establish that the requested documents should not be disclosed, a *Vaughn* index is not required.").

We reject as meritless McNeely's contention that the district court erred in denying her a jury trial because no issues remained in the case that required resolution by a jury.

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**