RAYPATH, INC. and Lake Otis, Inc., Plaintiffs-Appellants,

v.

CITY OF ANCHORAGE et al., Defendants-Appellees.

Nos. 75–2501, 75–1242.

United States Court of Appeals, Ninth Circuit.

Oct. 21, 1976.
Rehearing Denied Feb. 16, 1977.

Edgar Paul Boyko (argued), of Edgar Paul Boyko & Associates, Anchorage, Alaska, for plaintiffs-appellants.

Ronald E. McKinstry (argued), of Bogle, Gates, Dobrin, Wakefied, Long & Norton, Seattle, Wash., for defendants-appellees.

Before HUFSTEDLER and KENNEDY, Circuit Judges, and NIELSEN,* District Judge.

* Honorable Leland C. Nielsen, United States District Judge for the Southern District of California, sitting by designation.

PER CURIAM:

Raypath, Inc., and Lake Otis, Inc., appellants, appeal from summary judgment in favor of the Sisters of Providence in Washington, appellee ("the Sisters").[1] Raypath also appeals from an order awarding attorneys' fees to the appellee.

The appellee is a charitable, nonprofit corporation which owns and operates the Providence Hospital in Anchorage, Alaska. The hospital complex is built on land purchased from the United States under 43 U.S.C. §§ 869 et seq. Appellants, business corporations which own commercial office buildings in Anchorage, contend that they suffered economic injury to their rental businesses because the Sisters engaged in various unfair acts. More specifically, appellants contend that they were harmed because the Sisters constructed a separate office building as part of a hospital complex and offered office suites on more attractive terms and in a better location than those offered by appellants. Appellants brought this action in state court seeking both an injunction requiring the Sisters to halt construction of the office building, and damages for unfair competition and tortious interference with prospective advantage. The case was removed to the United States District Court for the District of Alaska on the grounds of diversity and federal question jurisdiction. The district court refused to grant injunctive relief, and the office building has been completed. The only issue on appeal is appellants' claim for damages on their tort theories. The court below granted summary judgment in favor of the Sisters, holding that appellants lacked standing to maintain the action and that they failed to state a claim for relief. The court also awarded attorneys' fees to the Sisters.

Appellants recognize that the Sisters' economic success, by itself, is neither unfair competition nor tortious interference with prospective advantage. Their principal contention is that the Sisters' use of the hospi-

1. The other defendants were dismissed and are not involved in this appeal.

tal grounds for an office building site violates the terms of the patent deed and the federal statute pursuant to which the deed was sold to the Sisters. The statute and the deed limit use of the land to "public purposes." *See* 43 U.S.C. § 869. Appellants contend that construction of a medical building is not within that definition. This unlawful use, appellants assert, constitutes unfair competition.

The district court held that appellants had no standing to attack the Sisters' deed, and that the statutes under which the deed was granted did not contemplate a private cause of action in favor of appellants. Appellants argue that standing is established by their financial stake in the case, measured by the injuries from the alleged violations of the federal statute and the terms of the deed. We affirm, but in our view we need not base our decision on concepts of standing.

■ Issues of standing and the existence of a private right of action often overlap. As a threshold matter, we may examine the question whether a private cause of action exists in favor of a particular plaintiff. If it does not, the standing issue need not be considered. *See National Railroad Passenger Corp. v. National Association of Railroad Passengers*, 414 U.S. 453, 94 S.Ct. 690, 38 L.Ed.2d 646 (1974). Here we conclude that the injuries alleged are not compensable on the grounds set forth in the complaint and that there was a failure to state a cause of action for monetary relief.[2] We hold, therefore, that the district court properly dismissed the action.

■ As a matter of federal law, it is well established that the validity of a deed or patent from the federal government may not be questioned in a suit brought by a third party against the grantee or patentee, *e. g., St. Louis Smelting and Refining Co. v. Kemp*, 104 U.S. 636, 647, 26 L.Ed. 875 (1887); *Van Wyk v. Knevals*, 106 U.S. 360, 369, 1 S.Ct. 336, 27 L.Ed. 201 (1882). Simply stated, a plaintiff in such a case has no cause of action. These holdings are supported by a sound reason. When public lands are conveyed to private individuals, a contractual relationship is created between the Government and the grantee; the integrity of such transactions could be upset if a grantee, by its use of the land, became monetarily liable to an amorphous class of third persons. The legislative history, furthermore, does not compel a contrary result. Appellants point to no expression of congressional intent which indicates a purpose to create a private right of action for damages against Government patentees.

■ Thus, even assuming that the grant to the Sisters was somehow invalid, or that the Sisters violated the terms of the deed in some respect,[3] appellants are in no position to complain. They are complete strangers to the title and are not persons in whose favor any of the covenants, conditions, or restrictions in the deed were intended to run. *See St. Louis Smelting and Refining Co. v. Kemp, supra; Van Wyk v. Knevals, supra.* No matter how great the injury to Raypath, no tort action is authorized. The district court properly granted summary judgment in favor of the Sisters.

■ We turn to the second phase of this appeal, which is an attack on the district court's award of attorneys' fees to the Sisters. We have several problems with the award of fees that we cannot resolve on this record and that will require a remand.

---

**2.** We need not decide whether a private cause of action based on some different theory could be brought by third parties under these statutes. For example, we have no occasion to decide whether a taxpayer's suit would state grounds for relief, or whether a private person could compel a public official charged with the duty to enforce the statute to perform his public duty. *See, e. g., National Railroad Passenger Corp. v. National Association of Railroad Passengers*, 414 U.S. 453, 465, 94 S.Ct. 690, 38 L.Ed.2d 646 (Brennan, J., concurring).

**3.** The validity of the deed and the faithful performance of the terms thereof are not issues properly before us. We express no opinion thereon. We do observe, however, that the record before the district court contained approval of the Sisters' plans for the annex from the Bureau of Land Management, the Office of the Solicitor of the Department of the Interior, and the Secretary of the Department of Interior.

We cannot tell whether the district court was applying Alaskan law or federal law in making the award. The Alaskan law, contrary to the federal law, has very liberal provisions for the award of attorneys' fees to the prevailing party. Alaska Stat. § 09.-60.010. Federal jurisdiction was grounded both on diversity and federal question jurisdiction. The district court might have been following Alaskan law to the extent that diversity jurisdiction was invoked. If so, we cannot ascertain the apportionment, if any, of fees between the diversity and federal question issues in the case. The inquiry would be irrelevant if we were satisfied that the record supported an award of attorneys' fees under the stringent requirements of the federal law, but we are not convinced by this record. *E. g., Fleischmann Distilling Corp. v. Maier Brewing Co.,* 386 U.S. 714, 717, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967); *Monolith Portland Midwest Co. v. Kaiser Aluminum & C. Corp.,* 407 F.2d 288, 293–98 (9th Cir. 1969).

The order awarding attorneys' fees is vacated and the attorneys' fees issue is remanded for further proceedings consistent with the views herein expressed; the judgment in all other respects is affirmed.