NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 1 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TULE LAKE COMMITTEE, | No. 20-16955 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-00688-WBS-DMC |
| v. | |
| FEDERAL AVIATION ADMINISTRATION; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted April 18, 2023[**]
San Francisco, California

Before: CALLAHAN and BUMATAY, Circuit Judges, and BOLTON,[***] District Judge.

Tule Lake Committee (the Committee) appeals the district court's dismissal

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Susan R. Bolton, Senior United States District Judge for the District of Arizona, sitting by designation.

for lack of jurisdiction of its claims brought against the Federal Aviation Administration (FAA), the City of Tulelake and its city council, and the Modoc Nation (Tribe) and its tribal Council (non-federal defendants collectively referred to as the City). The Committee seeks to invalidate the City's transfer of property underlying the Tulelake Municipal Airport to the Tribe. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

We review de novo a district court's decision on subject matter jurisdiction, *Jones v. Gordon*, 792 F.2d 821, 824 (9th Cir. 1986), and review for abuse of discretion a district court's decision to decline supplemental jurisdiction over a state-law claim, *Vo v. Choi*, 49 F.4th 1167, 1171 (9th Cir. 2022). The Committee does not challenge the dismissal of its claims against the FAA, and therefore has abandoned these claims on appeal. *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986). The only claims at issue on appeal are those against the City.

1.     The Committee argues there is federal subject matter jurisdiction under 18 U.S.C. § 1331 over its claims against the City based on the 1951 federal land patent transferring the airport property to the City (1951 Patent), the Federal Airport Act of 1946 (Pub. L. No. 79-377, 60 Stat. 170 (May 13, 1946)) (Airport Act), the federal or state declaratory judgment acts, or a significant federal question arising in its state-law claims. None of these arguments has merit.

Federal courts are courts of limited jurisdiction, and we must ensure we do

not exceed the scope of our power to hear a case. *Negrete v. City of Oakland*, 46 F.4th 811, 813 (9th Cir. 2022). Under 28 U.S.C. § 1331, federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A case can "arise under" federal law in two ways: either (1) the federal law creates a cause of action, or (2) a "substantial federal question" arises in a state-law claim. *Id.* at 816–17.

a. The 1951 Patent cannot provide a basis for jurisdiction as the Committee is a stranger to the patent and does not have any interest to support its ability to challenge the City's transfer. *See Raypath, Inc. v. City of Anchorage*, 544 F.2d 1019, 1021 (9th Cir. 1976). Even if the Committee had a legal interest in the patent, the mere existence of a federal patent does not provide a basis for federal jurisdiction simply because the title derived under an act of Congress. *See Shulthis v. McDougal*, 225 U.S. 561, 570 (1912); *see also Virgin v. Cnty. of San Luis Obispo*, 201 F.3d 1141, 1143 (9th Cir. 2000).

b. Assuming the complaint properly alleged a violation of the Airport Act, the Committee cannot show that the Airport Act provides either an express or implied right of action. The parties agree, and it is evident from the text of the statute, that the Airport Act does not provide an express right of action. The Committee attempts to argue an implied right of action under *Cort v. Ash*, 422 U.S. 66 (1975), but failed to raise the argument in its opening brief and thus we may

consider it waived. *Barnes v. Fed. Aviation Admin.*, 865 F.3d 1266, 1271 n.3 (9th Cir. 2017). Even if properly before us, based on the lack of support in the text of the statute or the record, we are doubtful that the Airport Act was created for the benefit of any particular class of individuals; rather, it appears to be intended to benefit the public generally through the development of airports. *See California v. Sierra Club*, 451 U.S. 287, 294–95 (1981) (noting that neither the text nor legislative history indicated that the Rivers and Harbors Appropriation Act was meant to benefit a special class, instead finding it was intended to benefit the public at large by empowering the federal government to address obstructions in navigable rivers). Furthermore, it seems unlikely that Congress intended to create an implied right of action to protect the ability of certain groups to sue public entities in California who received a land patent under the Act, especially considering the Airport Act outlined a different process for public participation through public hearings on project approvals. *See First Pac. Bancorp, Inc. v. Helfer*, 224 F.3d 1117, 1121 (9th Cir. 2000) (noting the key inquiry under *Cort v. Ash* is legislative intent).

    **c.**    Neither the federal Declaratory Judgment Act (28 U.S.C. § 2201) nor its state analog (Cal. Civ. Proc. Code § 1060) can provide an independent basis for federal jurisdiction. *See Staacke v. U.S. Sec'y of Labor*, 841 F.2d 278, 280 (9th Cir. 1988) (finding the Declaratory Judgment Act provides an additional remedy in

cases where jurisdiction is already established but does not itself confer subject matter jurisdiction); *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Tr. for S. Cal.* 463 U.S. 1, 18–19 (1983) ("[W]e hold that under the jurisdictional statutes as they now stand federal courts do not have original jurisdiction, nor do they acquire jurisdiction on removal, when a federal question is presented by a complaint for a state declaratory judgment, but *Skelly Oil* [*Co. v. Phillips Petroleum Co.*, 339 U.S. 667 (1950),] would bar jurisdiction if the plaintiff had sought a federal declaratory judgment.").

**d.** All that remains is the possibility of federal jurisdiction under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308 (2005), which outlines the analysis to determine if a significant federal issue imbedded in a state-law claim can provide federal courts with subject matter jurisdiction.[1] The only remaining state-law claims raised by the Committee as a basis for federal jurisdiction are those under the Ralph M. Brown Act (Cal. Gov't Code § 54950 *et seq.*). The Committee's Brown Act claims relate solely to the conduct of the City during its public meetings and do not in any way necessarily involve an interpretation of the Airport Act, 1951 Patent, or any other federal law.

---

[1] To the extent the Committee argues that *Grable* can support jurisdiction over a substantial federal issue in a federal statute notwithstanding a lack of a right of action in that statute, it fundamentally misunderstands the holding of *Grable*, which only applies to jurisdiction over state law claims with imbedded federal issues.

Therefore, *Grable* does not support federal jurisdiction.

**2.** Given the lack of any claim within the original jurisdiction of the federal courts, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the state-law claims. *See Bryant v. Adventist Health Sys./West*, 289 F.3d 1162, 1169 (9th Cir. 2002) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

The decision of the district court is **AFFIRMED**.